UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

F.D.S. (XXX-XX-6353)            CIVIL ACTION NO. 08-cv-0507

VERSUS

MICHAEL J. ASTRUE, U.S.          MAGISTRATE JUDGE HORNSBY
COMMISSIONER SOCIAL
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Plaintiff applied for disability benefits based on hepatitis C, back and knee problems, shoulder problems, and other physical ailments. Plaintiff had past work as a garbage and cement truck driver. He said that he stopped working in 2004 because he had pain in his neck, shoulder, and back stemming from a 1986 car accident. ALJ Charles Lindsay conducted a hearing and issued a decision that denied benefits based on a finding that Plaintiff could perform jobs such as cook helper, dining room attendant, cleaner (housekeeping), cashier II, or ticket seller.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

At step three of the five-step sequential analysis, the ALJ found that Plaintiff did not meet the requirements of several potentially applicable listings. Plaintiff argues on appeal that the ALJ failed to specifically rule that Plaintiff does not have impairments that equal in severity those found in the listings. He also argues that the ALJ erred when he did not obtain an updated expert medical opinion on the issue of listing equivalence.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff served in the marines from 1972 through 1975, so he is eligible to receive medical attention from the VA Medical Center. Plaintiff worked until 2004, when he presented to the VA and asked for a complete examination to tell him what is wrong with his ear, back, shoulder, knee, and neck. Plaintiff reported that he had filed for social security

disability. The examination revealed a normal knee, minimal degenerative joint disease of the lower thoracic and cervical spine, an essentially normal lumbar spine, a moderate problem with the right shoulder, and a few other minor problems.

A consultative examiner, who examined Plaintiff at the request of the agency, concluded that Plaintiff had no significant limitations that would prevent him from working a full day. The ALJ noted that the opinion was consistent with the examination. Other medical records suggested rather limited physical problems.

At the request of the agency, a consultative examination was conducted by licensed psychologist G. Perry Hill, Ph.D. Plaintiff reported that he had been diagnosed at the VA as schizophrenic, that his "mind wanders," and that he is forgetful. Plaintiff reported that he had lived independently while working in Texas and Georgia, but he now lives with his elderly father. Plaintiff said that he had worked for various employers for a total of 26 years as a dump truck and cement truck driver. Plaintiff said he quit school in the 10th grade, but he was able to complete a GED when he was in the military.

Plaintiff reported to the examination with a cane, but Dr. Hill wrote that the cane appeared much too short for Plaintiff to truly use while walking. Plaintiff did attempt to use the cane to walk, which resulted in a stooped posture.

Plaintiff completed an IQ test. His persistence was considered fair to good, but his pace of work on the test was consistently slow. He attained a verbal IQ of 72, performance IQ of 73, and a full-scale IQ of 70.

Dr. Hill stated that, based on his examination, he disagreed with the diagnosis of schizoid personality disorder indicated in the VA medical records. He diagnosed Plaintiff as having borderline intellectual functioning. Tr. 287-90.

The ALJ reviewed this and the other evidence of record. He wrote in his summary finding at step three that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" in the regulations. Tr. 22. He then briefly reviewed a number of listings and explained why each was not *met*. Plaintiff argues that the ALJ erred when he did not discuss in more detail why Plaintiff does not medically *equal* a listing.

The only listing that Plaintiff identifies as potentially applicable is listing 12.05(C) for mental retardation. The listing states:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ***
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function.

The ALJ stated briefly that Plaintiff did not "meet" the listing because he did not have evidence of its elements, all of which he set forth. The ALJ did not state which element(s)

he believed Plaintiff did not satisfy. Tr. 23. The ALJ did note, in rejecting the applicability of 12.05(A) (mental incapacity evidenced by dependence on others for personal needs) that Plaintiff had obtained a GED, served in the military, cares for his elderly father, cares for his own needs, and does household chores.

Plaintiff does not argue that he actually meets the elements of listing 12.05(C), and he concedes that he does not have the requisite showing of onset before age 22. See Randall v. Astrue, 570 F.3d 651 (5th Cir. 2009) (finding that the onset before age 22 is an element of the listing).

Failure to meet the listing does not preclude a finding of disability if the claimant has other findings related to the impairment that equal or exceed the required criteria for the listed impairment. When determining whether an impairment medically equals a listing, the Commissioner considers all relevant evidence in the record. McGee v. Astrue, 2009 WL 2841113, *4 (W.D. La. 2009). An impairment is equivalent to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a) and 416.926(a). See also Bloch on Social Security, §3:26 (Proof of Disability through Medical Equivalence of Listed Impairment).

Plaintiff faults the ALJ for not specifically discussing medical equivalence with respect to listing 12.05(C) and for not requesting additional medical expert opinion. The court has sometimes reversed a decision that did not address a potentially applicable listing when there was a strong suggestion in the record that it might be met or equaled. In this case,

the ALJ did not specifically discuss equivalence, but he did set forth a fair discussion of reasons why the listing was not met.  Some of the factors he cited were in his discussion of listing 12.05(A), but the important thing is that the opinion fairly addressed the relevant evidence and listings.  The court finds that the ALJ's summary finding that a listing was not equaled, together with his overall discussion of listing 12.05 and the facts relevant to the issue of mental retardation are sufficient for the decision to withstand the appeal.  Most ALJ decisions do not contain more than a summary rejection of equivalence absent a reasonable argument on the point. There is no indication that equivalence was argued before the ALJ or that the ALJ forgot to address the issue. All indications are that the ALJ simply did not see a reasonable basis to believe that Plaintiff was equivalent to a mentally retarded person, so he made only a general denial of the issue. Under the circumstances, and considering the ALJ's discussion of the relevant facts, that was sufficient.

The next issue is whether the ALJ was required to seek an updated medical opinion. Social Security Ruling 96-6p states that the ALJ "is responsible for deciding the ultimate legal question whether a listing is met or equaled."  The ALJ is not bound by a finding of a state agency consultant or other program physician or psychologist as to whether a person's impairments are equivalent in severity to a listed impairment.  However, longstanding policy requires that the judgment of a physician or psychologist on the issue of equivalence be received in the record as expert opinion evidence and given appropriate weight.

Ruling 96-6p describes the forms of adequate evidence on equivalence that should be received at the initial and reconsideration levels of administrative review. Plaintiff does not raise any issue on appeal regarding that stage of the process. The Ruling then continues that when an ALJ finds that a claimant's impairment is not equivalent in severity to any listing, the ALJ "must obtain an updated medical opinion from a medical expert" in certain circumstances. Those circumstances include when no additional medical evidence has been received but the ALJ is of the opinion that the findings in the case suggest that a judgment of equivalence may be reasonable. Another circumstance is when additional medical evidence is received that the ALJ believes may change the finding of the state agency consultants.

There is obviously a significant amount of discretion within the Ruling's direction that an expert should be sought if the ALJ is of the opinion that the record suggests that a judgment of equivalence may be reasonable. The experienced ALJ had before him evidence of past semi-skilled work, the earning of a GED, independent living, and other factors that suggested Plaintiff is not mentally retarded. Based on that record, and the absence of countervailing factors other than an IQ test score of 70, the court finds that the ALJ did not commit legal error by not requesting a medical expert opinion on medical equivalence. For these reasons, a judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of September, 2009.

                                        MARK L. HORNSBY
                                 UNITED STATES MAGISTRATE JUDGE